Probate Court of Tuscarawas County.

## IN RE ESTATE OF BARBARA ECKERT.

Decided February 20, 1931.

*W. K. Williams* for Exceptor.
*T. J. Russell* for Administrator.

LAMNECK, J.

On August 8th, 1930, Barbara J. Eckert died intestate, and R. E. Cunning of Port Washington, Ohio, was appointed administrator of her estate, who, in due course, filed an inventory and appraisement of her property in this court. Among other assets, the appraisers appraised the following contract as an asset of said estate at $1,000.00:—

### CONTRACT.

THIS AGREEMENT, Made and concluded at Port Washington, Ohio, this 17th day of March, 1927, by and between Barbara Eckert, of Port Washington, Ohio, hereinafter called the first party, Nellie Hanly, of Columbus, Ohio, hereinafter called the second party, and Herman H. Malone, hereinafter called the third party, Witnesseth:

In consideration of the mutual covenants and promises herein contained, the parties agree as follows:

Section One.  The first party has, and by these presents does hereby give, grant, and deliver unto the second party the sum of One Thousand ($1,000.00) dollars the receipt of which is hereby acknowledged, upon the terms and under the conditions hereinafter set forth.

Section Two.  The second party hereby accepts said sum of One Thousand ($1000.00) Dollars, and agrees to pay to the first party an annuity thereon at the rate of six. per centum per annum during the life of the first party.   Said annuity shall be payable semi-annually on the first day of January and July of each year, the first payment to be made on the first day of July next following the date of this agreement.   Provided, however, that the second party shall not be required to pay to the first party an annuity upon such sum as may be loaned by the second party to the third party under the provisions of section three hereof, except that the annuity shall be paid by the second party to the first party under the terms of this section upon any sum or sums repaid by the third party to the second party under the terms of section three.

Section Three.  The third party, at any time within one year after the date of this Agreement, shall have the right and privilege to borrow from the second party and the second party hereby agrees to loan to the third party such a sum as they may agree upon, not to exceed, however, the amount named in section one of this agreement, upon the following terms, to-wit:

(a)   The Third party shall have the privilege of repaying the amount by him so borrowed in installments of such amount or amounts and at such time or times as shall suit the convenience of said third party, except that in the event of the death of the third party before. the amount borrowed is repaid in full, the balance unpaid thereon shall thereupon become due and payable.

(b)   The third party shall pay interest on the amount so borrowed at the rate of seven per centum per annum payable semi-annually on the first day of January and July of each year, the first interest payment to be made on the interest date next following the date of the loan

made hereunder. Said interest payments shall be made to the first party so long as she shall live, and on and after her death shall be paid to the second party Provided however, that upon the payment of any installment upon the principal sum hereby loaned, the amount of such payment shall be deducted at the next ensuing interest paying date from the amount then remaining due and unpaid on said principal sum, and a new principal formed which shall bear interest in the same manner as hereinbefore set forth.

In Witness Whereof, the parties have hereunto set their hands to triplicates hereof the day and year first above written.

In presence of:
Mrs. Leota Malone

Mrs. Barbara Eckert
Mrs. Nellie Hanly
Herman H. Malone
Columbus, Ohio, March 17th, 1927

Pursuant to the provisions of the above contract the second party has this day loaned to the third party the sum of ($1000.00) dollars.

Mrs. Nellie Hanly,
*Second Party.*
Herman H. Malone,
*Third Party.*

Nellie Hanly, a daughter of Mrs. Eckert and one of the parties to this contract, excepted to the inclusion of this contract in the inventory, claiming that it was not an asset of the estate and does not set forth any obligation on her part to the estate.

It is well settled that the question of whether a particular transaction or dealing between a parent and child, by which one receives from the other money or other property, constitutes an advancement to the child or a gift to him, or a debt against him, depends upon the intention of the parties at the time. (*Fels* v *Fels*, 1 O. C. C. 420).

It is quite evident that this could not be considered as an advancement. An advancement is an irrevocable gift by a parent to a child in anticipation of the child's future share of the parent's estate, and must be taken into account upon distribution. There is nothing in this agreement that would indicate that the money given, granted and delivered was in anticipation of Mrs. Hanly's future interest in her mother's estate or that it was to be taken into consideration on distribution.

Was this money a loan from Mrs. Eckert to Mrs. Hanly? A debt is a sum of money due by a contract, express or implied. There is nothing in this Contract whereby Mrs. Hanly ever agreed to repay the money. In fact, the language used in section one, viz: "does hereby give, grant and deliver—$1000.00", indicates a different intention, and that is that the transaction was intended as a conditional gift.

The only argument that could be used against construing this as a gift is the fact that Mrs. Hanly agreed to pay Mrs. Eckert an annuity of 6% per annum during the lifetime of Mrs. Eckert. But a gift cannot be defeated by the fact that a donor reserves to himself the right to, or the donee agrees to pay to the donor, the interest, income or revenue from the property during the life of the donor. (Ruling Case Law Vol. 12, Page 950.) There are numerous authorities to support this contention and none that we know of to the contrary. In the appeal of *Ames et al.*, 11 Atl. 232, it was held that where a father gave money to his son for which the son bound himself to pay his father interest on the money as long as the father lives, in the absence of an agreement of the son to repay the money, he could not be required to repay any part of the prinicipal. We believe this to be the correct statement of the law, in which the Court is supported by the State Tax Commission.

It is, therefore ordered that the exceptions to the inventory be sustained.